**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 8 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MILVIAN AMPARO GONZALEZ-SOLARES; JASMIN IDALIA SOLARES GONZALEZ, <br><br> Petitioners, <br><br> v. <br><br> MATTHEW WHITAKER, acting Attorney General, <br><br> Respondent. | No. 16-72740 <br><br> Agency Nos. A206-007-059 <br> A206-007-060 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 18, 2018
San Francisco, California

Before: M. SMITH and HURWITZ, Circuit Judges, and EATON,[**] Judge.

Milvian Amparo Gonzalez-Solares (Gonzalez-Solares) and her daughter,

Jasmin Idalia Solares Gonzalez (Solares), natives and citizens of Guatemala, petition

from the decision of the Board of Immigration Appeals (BIA) affirming the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     Richard K. Eaton, Judge of the United States Court of International Trade, sitting by designation.

Immigration Judge's (IJ) denial of their I-589 Applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Because Gonzalez-Solares and Solares filed separate applications for relief, we review each of their claims independently. We have jurisdiction under 8 U.S.C. § 1252. We deny in part and grant in part the petition for review, and remand for further proceedings.

1. An applicant for asylum and withholding of removal must establish that a proposed social group has both "social distinction" and "particularity." *See Reyes v. Lynch*, 842 F.3d 1125, 1137 (9th Cir. 2016). As a recent decision by the Attorney General made clear, "a particular social group *must* 'exist independently' of the harm asserted in an application for asylum or statutory withholding of removal." *Matter of A-B-*, 27 I. & N. Dec. 316, 334–35 (A.G. 2018) (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 236 n.11, 243 (BIA 2014)).

The BIA did not err in finding that Gonzalez-Solares failed to establish membership in a cognizable social group. *See Reyes*, 842 F.3d at 1131. Gonzalez-Solares's proposed social groups—"persons subject to extortion demands in Guatemala" and "persons whose extended family members were killed due to their failure to comply with extortion demands"—are characterized entirely by the harm asserted in her asylum application. The individuals in Gonzalez-Solares's proposed social groups do not "share a narrowing characteristic other than their risk of being

2

persecuted." *A-B-*, 26 I. & N. Dec. at 335. We therefore deny the petition as to Gonzalez-Solares's asylum and withholding claims.

2. A petitioner seeking asylum must also establish that membership in a particular social group "was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i). A "central reason" is one "essential to the[] decision to act"; the persecutor "would not have harmed the applicant if such motive did not exist." *Parussimova v. Mukasey*, 555 F.3d 734, 741 (9th Cir. 2009). The BIA did not err in finding that Solares failed to establish the required nexus between her proposed social group—"young, single women"—and her persecution. The record demonstrates that the suspected gang members targeted Solares not solely because she was a single woman, but instead because they thought she had money. Thus, we deny the petition for review as to Solares's asylum claim.

3. Substantial evidence supports the BIA's denial of both Petitioners' CAT claims. Neither Petitioner established that it is more likely than not that she would suffer torture "inflicted by . . . or with the consent or acquiescence of a public official." 8 C.F.R. § 208.18(a)(1). Although Petitioners argue that the Guatemalan government has been generally ineffective in preventing criminal activity, a "government does not acquiesce in the torture of its citizens merely because it is aware of torture but powerless to stop it." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) (citation omitted). We deny the petition as to the CAT claims.

3

4. In denying Solares's withholding claim, the BIA did not decide whether her proposed social group is cognizable. The BIA instead rested its decision on the fact that Solares's membership in the proposed social group was not "one central reason" for her persecution. When the IJ and BIA issued their decisions in this case, they did not have the benefit of *Barajas-Romero v. Lynch*, which held that applicants for withholding must prove only that their protected status was "a reason" for their persecution. 846 F.3d 351, 360 (9th Cir. 2017). "'[A] reason' is a less demanding standard than 'one central reason.'" *Id.*

The Government argues that "the *Barajas*[*-Romero*] holding does not affect cases in which the agency has held that a protected ground was not a reason for the persecutor's action." Citing the IJ's decision, the Government contends that Solares's proposed social group was unrelated to her persecution. Even assuming the Government's characterization of the IJ's decision is accurate, that argument fails. When the BIA writes an opinion affirming the IJ's decision, we must review the BIA's opinion, not the IJ's decision. *See Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006). The BIA's decision applied the "one central reason" standard to Solares's withholding claim.

Thus, we grant the petition as to Solares's withholding claim and remand to the BIA to: (1) decide whether Solares's proposed social group is cognizable; and

(2) decide whether, in light of *Bajaras-Romero*, her social group was "a reason" for her persecution. *See INS v. Ventura*, 537 U.S. 12, 16–18 (2002) (per curiam).

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED**.